PIERSON EAGAN, DEFENDANT IN ERROR, v. LEON ABBETT, IMPLEADED, &c., PLAINTIFF IN ERROR.

Submitted July 8, 1906—Decided November 12, 1906.

> One paying money by mistake to a person whom he believes to be his lessor, but who had in fact assigned his right to collect the rent under the lease to another, may recover back the money so paid, if subsequently required to pay the same to the assignee of the lessor.

On error to the Hudson Circuit.

Before Justices FORT, GARRETSON and REED.

For the plaintiff in error, *Leon Abbett,* attorney *pro se.*

For the defendant in error, *George Whitfield Betts, Jr.*

The opinion of the court was delivered by

FORT, J. The plaintiff, Eagan, was a tenant of the defendant, Abbett, who was himself, through the assignment of a lease made by the Smith estate to Raymond W. Kenny, the tenant of the Smith estate. The rent due from Abbett was largely in arrears under the lease, and he gave an order to the agent of the Smith estate to collect the rent due from Eagan under his lease of the premises with Abbett.

After the giving of this order, Abbett assigned the lease from himself to Eagan to one Maxwell, and Maxwell collected of Eagan $875 of rent, which Eagan was subsequently required to pay a second time to the agent of the Smith estate under the order previously given by Abbett to that estate for the collection of the same rent. This suit was instituted by Eagan to recover back from Abbett the $875 thus paid Maxwell by mistake.

Maxwell paid the money collected by him to Abbett, and if Abbett was not entitled to this money, Eagan in this suit may collect it from him.

The right to recover depends solely upon the question of fact as to whether Abbett had assigned the rent due from Eagan to him to the Smith estate before Maxwell, as the agent of Abbett, or otherwise collected it.

Upon this question there was dispute in the proof, and the trial judge left that question of fact to the jury, saying that if they found the fact to be that the assignment or order of Abbett to pay the Smith estate was first made, and was for all rent due and to become due under the lease, that he could recover, otherwise not.

The jury found for the plaintiff, and we are satisfied that this finding was right.

The proof shows that Abbett was largely indebted to the Smith estate for rent for these very premises.

One of the defences was that the assignment of the lease by Abbett to Maxwell was an absolute assignment, and that Maxwell was not the agent of Abbett in the collection of the rents, and that the money paid by Maxwell to Abbett was not paid as rent collected from Eagan on the lease to Abbett, but was paid on the consideration of the assignment of the lease from Abbett to Maxwell. We are unable to see how, upon either theory, Abbett is entitled to retain this fund from Eagan under the finding of the jury. The jury have found that Abbett had assigned this rent to the Smith estate before he assigned the lease to Maxwell, and before Maxwell collected the rent from Eagan, and as Eagan, upon the order of Abbett to the Smith estate, paid that rent to the Smith estate, and as the proof showed that the money which had been paid by Eagan to Maxwell was paid over to Abbett, and it thus appears that in fact Abbett received the same money twice, when he was only entitled to have it paid to him or upon his order once, Eagan was clearly entitled to recover back from Abbett the $875 overpayment to Abbett, because both of these payments, under the verdict of the jury, must be found to have been made by Eagan to Abbett, or to others upon his order.

At the trial the assignment of the lease made by Abbett to Maxwell after the order by Abbett to the Smith estate to

collect the rent from Eagan was excluded as evidence when offered by the defendant, Abbett, and this is assigned for error.

We think this was rightly excluded. As between Abbett and Eagan, or Abbett and the Smith estate, the order given by him to the Smith estate antedated the assignment to Maxwell, and the assignment to Maxwell could in nowise affect the rights of the Smith estate or Eagan in the matter of the rent due under the lease between Eagan and Abbett.

The jury having found in this case that the order directing the payment of the money under the lease to the Smith estate due under the lease from Eagan to Abbett covered all the money due upon the lease, claimed to have been assigned to Maxwell, as between Abbett and Eagan, the Smith estate was entitled to collect this rent from Eagan, and if Eagan paid it to Abbett or Abbett's agent or assignee by mistake, and was also compelled to pay it to the Smith estate, Abbett was required, in any event, to account to Eagan for the payment thus made by mistake. He could not justify under a second assignment or transfer to another party of the money due on the lease in the face of a previous valid assignment of the fund and direction to pay the same.

The judgment should be affirmed.